United States District Court
Southern District of Texas
**ENTERED**
March 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZOILA PEREZ VILLADA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01856 |
| | § | |
| PAMELA JO BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Zoila Perez Villada, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, she filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The pleadings reflect that Petitioner is a noncitizen who entered the United States without inspection in 2002, remained in the United States without being admitted legally, was apprehended in November 2025, and is being held without bond under 8 U.S.C.

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 2

§ 1225(b) as an applicant for admission. *See* Doc. No. 1 at 4. Petitioner contends that she is entitled to a bond hearing under 8 U.S.C. § 1226(a) and that she has been miscategorized as a detainee subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026). In addition, Petitioner's Fifth Amendment Due Process Clause claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded"). She does not otherwise state facts to state a claim for which habeas relief could be granted regarding her current detention.

Accordingly, the Court **ORDERS** as follows:

1.  The petition (Doc. No. 1) is **DENIED**.

2.  This case is **DISMISSED without prejudice**.

3.  All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this _____ 25th _____ day of March 2026.

_____

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE